```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 2:01-CR-12-01 |
| DONALD FELL | : | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Donald Fell's Motion to Dismiss for Lack of Venue (Doc. 52). Fell asks the Court to dismiss Counts 1 and 2 of the Superceding Indictment on the ground that venue for these charges does not lie in the District of Vermont. For the reasons that follow, Fell's motion is denied.

Counts 1 and 2 charge Fell with carjacking and kidnapping, both with death resulting. These counts are charged as capital crimes. These charges arise out of the abduction and murder of Teresca King in November 2000. The Superceding Indictment alleges that Teresca King was kidnapped in Vermont and later murdered in Dutchess County, New York. Dutchess County is in the Southern District of New York.

A defendant has the right to be tried in the state and district where the crime was committed. Fed. R. Crim. P. 18. This right is guaranteed by the Constitution. U.S. Const. amend. VI. In the Second Circuit, a district court must decide whether venue is proper in two steps. See United States v. Saavedra, 223 F.3d 85, 89 (2d. Cir. 2000). First, the Court

should determine if venue is appropriate under the relevant statutory provisions.  See id.  Second, the Court should "ask whether the criminal activities in question bear 'substantial contacts' to the [District of Vermont] . . . to ensure that the policies and considerations underlying the Constitution's commands respecting venue have been preserved."  Id.

With respect to the first step, the government argues that venue is proper for both Counts 1 and 2 under 18 U.S.C. § 3237. That statute provides that if a single continuing crime is committed in multiple districts then the whole crime may be prosecuted in any district where a part of the crime was committed.  18 U.S.C. § 3237(a).[1]  "[W]hen a defendant is charged in more than one count, venue must be proper with respect to each count."  United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1188 (2d Cir. 1989).  Thus, the Court must consider whether the crimes alleged in Count 1 and 2 are continuing offenses that occurred, at least in part, in the District of Vermont.

It clear that carjacking and kidnapping are continuing

---

[1] 18 U.S.C. § 3237(a) reads in part:
"Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves."

offenses within the meaning of 18 U.S.C. § 3237.  As the Supreme Court has explained, "kidnaping, once begun, does not end until the victim is free . . . [i]t does not make sense, then, to speak of it in discrete geographic fragments."  United States v. Rodriguez-Moreno, 526 U.S. 275, 281 (1999).  The same analysis can be applied to the crime of carjacking.  This means that venue for these crimes is appropriate in any district in which a part of the crime occurred.

There is no question that the carjacking and kidnapping alleged in Counts 1 and 2 began in Vermont.  The government alleges that Fell, together with his co-defendant Robert Lee, abducted King and stole her car in Rutland, Vermont.  Thus, Fell can be charged and tried for kidnapping and carjacking in the District of Vermont.

Fell does not contest this analysis.  Rather, Fell argues that venue for Counts 1 and 2 should be determined according to the statutory standards applied to a murder charge.  Fell points out that the Superceding Indictment in this case contains a "Notice of Special Findings" alleging that his conduct met the threshold culpability factors for the death penalty specified in 18 U.S.C. § 3591(a)(2).  Moreover, under Ring v. Arizona, 536 U.S. 584 (2002), the government must prove these threshold culpability factors to a jury beyond a reasonable doubt.  As a result, the government will try to prove that Fell intentionally

3

killed King. Fell argues that this converts Counts 1 and 2 into 'capital murder' charges.

By statute, murder is not a continuing offense. "In all cases of murder or manslaughter, the offense shall be deemed to have been committed at the place where the injury was inflicted . . . without regard to the place where the death occurs." 18 U.S.C. § 3236. Thus, Fell is correct that if he were charged solely with the murder of King then venue for that offense would lie in the Southern District of New York. The question for the Court, however, is whether Counts 1 and 2 are murder charges for venue purposes.

The Supreme Court's decision in United States v. Rodriguez-Moreno, 526 U.S. 275 (1999) is highly instructive. In that case, the defendant was charged with carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). 526 U.S. at 277. The crime of violence was kidnapping. Id. The defendant was prosecuted in New Jersey even though the government could only prove that he had possessed a firearm in Maryland. Id. The defendant argued that venue was proper only in the state where he possessed the firearm.

The Supreme Court rejected this argument. The Court noted that "Section 924(c)(1) criminalized a defendant's use of a firearm 'during and in relation to' a crime of violence; in

4

doing so, Congress proscribed both the use of the firearm *and* the commission of acts that constitute a violent crime." Id. at 281 (emphasis in original).  Moreover, the commission of the underlying violent crime is an "essential conduct element" of the offense.  Id. at 280.  This means that venue is proper in any location where venue lies for the underlying offense.  See id. at 280-82.  The Court concluded that "[i]t does not matter that respondent used the .357 magnum revolver, as the Government concedes, only in Maryland because he did so 'during and in relation to' a kidnaping that was begun in Texas and continued in New York, New Jersey, and Maryland."  Id. at 281.

This analysis can be applied directly here.  Count 1 charges Fell under 18 U.S.C. § 2119(3) with carjacking resulting in death.  Count 2 charges Fell under 18 U.S.C. § 1201(a) with kidnapping resulting in death.  It is clear that these statutory provisions proscribe both the underlying offenses (kidnapping and carjacking) *and* the conduct that leads the victim's death.

This remains true even if the government decides to charge these crimes as capital offenses.  In a capital case, the government must also show that the defendant acted with one of four mental culpability factors, ranging from an intentional killing to intentionally engaging in violence "knowing that the act created a grave risk of death" with the victim's death as a direct result.  18 U.S.C. § 3591(a)(2)(A)-(D).  However, this

increased burden on the government does not change the fact that the charged offenses include kidnapping and carjacking as essential conduct elements.[2]  Thus, under Rodriguez-Moreno, venue is proper wherever venue is proper for the underlying offenses of kidnapping or carjacking.  See also United States v. Robinson 275 F.3d 371, 377-79 (4th Cir. 2001); United States v. Barnette, 211 F.3d 803, 814 (4th Cir. 2000) (both applying Rodriguez-Moreno to similar facts).  For these reasons, the Court rejects Fell's argument that Counts 1 and 2 are murder charges for venue purposes.  This means that venue is appropriate in the District of Vermont under 18 U.S.C. § 3237.

    Having found that venue is proper under a federal statute, the Court must apply the 'substantial contacts' test to ensure that the Constitution's commands respecting venue have been preserved.  Saavedra, 223 F.3d at 89.  The substantial contacts test considers, "four main factors: (1) the site of the crime, (2) its elements and nature, (3) the place where the effect of the criminal conduct occurs, and (4) suitability of the venue chosen for accurate factfinding." Id. at 93.  Fell has not suggested that venue is inappropriate in Vermont under the substantial contacts test.  Moreover, it is clear that the prosecutions for carjacking and kidnapping are proper in Vermont

---

[2]For example, if the government proved that Fell intentionally killed King but failed to prove that Fell kidnapped King, then Fell would be acquitted on Count 2.

under this test.  King was kidnapped in Vermont.  The stolen car was registered in Vermont.  King was a Vermont resident and most of her family are Vermont residents.  Vermont is also an appropriate venue for fact finding, especially as the government alleges that King's abduction was related to two earlier murders of Vermont residents.  Together, these factors show that Vermont is a proper venue for trial on the capital counts of the Superceding Indictment.

For the foregoing reasons, Fell's Motion to Dismiss for Lack of Venue (Doc. 52) is denied.


Dated at Burlington, Vermont this 22nd day of April, 2005.

>                             /s/ William K. Sessions III_____
>                             William K. Sessions III
>                             Chief Judge, U.S. District Court