```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

UNITED STATES OF AMERICA     )
                             )
          v.                 )    No. 2:01-CR-12-01
                             )
DONALD FELL                  )
```

### MEMORANDUM AND ORDER

The Government moves to strike the following mitigating factor alleged by Defendant Donald Fell: "Donald Fell's execution would detrimentally affect persons who care about him." (Doc. 143). The Government claims this mitigating factor is legally deficient and that Fell should not be allowed to present evidence concerning the impact of his execution on third parties. The Court took the Government's motion to strike under advisement. For the reasons set forth below, the Court denies the Government's motion to strike this mitigating factor.

### Discussion

A capital defendant is entitled to submit any relevant mitigating evidence in support of a sentence less than death. Payne v. Tennessee, 501 U.S. 808, 822 (1991); see also McCleskey v. Kemp, 481 U.S. 279, 304 (1987). The Supreme Court applies a broad relevance standard to mitigating evidence. See McKoy v. North Carolina, 494 U.S. 443, 440-41 (1990). In capital cases, "the sentencer [may] not be precluded from considering *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a

basis for a sentence less than death." Skipper v. South Carolina, 476 U.S. 1, 4 (1986). Consistent with this authority, the Federal Death Penalty Act has a "catch-all" mitigating factor that allows the jury to consider any "factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence" to determine whether a sentence of death is to be imposed. 18 U.S.C. § 3592(a)(8).

Federal courts have not directly considered mitigating evidence relating to the impact a defendant's execution will have on third parties. However, several state courts have addressed this issue and their opinions provide useful guidance. These cases illustrate that third party impact evidence concerning a defendant's background, record or character can be offered as mitigation evidence.

In Oregon v. Stevens, 879 P.2d 162, 167-168 (Or. 1994) (*en banc*), the Oregon Supreme Court held that the trial court erred in excluding the defendant's wife's testimony relating to the impact the defendant's execution would have on his daughter because it was relevant to the defendant's background and character. The adverse effect of the defendant's execution on his daughter revealed something positive about the defendant's relationship with her by demonstrating that the defendant had "the capacity to be of emotional value to others." Id. at 168. In another case, the defendant's mother was allowed to introduce photos of the defendant and to offer

testimony about his kind character to emphasize the loss associated with his execution.  Noel v. State, 960 S.W.2d 439, 446 (Ark. 1998).

Even the cases cited by the Government are consistent with the proposition that a defendant may offer third party impact evidence so long as it relates to a defendant's background, record or character.  First, the Government cites State v. Loftin, 680 A.2d 677, 712-713 (N.J. 1996), a case where the defendant sought to introduce several mitigating factors that alleged his execution would cause hardship to his family.  Although the New Jersey Supreme Court affirmed the trial court's exclusion of these factors under the "catch-all" category because they did not relate to the defendant's character, record or circumstances of the offense, it recognized that the trial court allowed a considerable amount of character evidence regarding the defendant's relationship with his wife and children, sufficient to cure any error that might have resulted.  Id. at 713.  In contrast to Loftin, the mitigating factor at issue here is the only one alleged by Fell that may provide any insight into his relationships with third parties.

Second, the Government cites People v. Ochoa, 966 P.2d 442 (Cal. 1998), a case distinguishable based on the mitigating factor at issue.  In Ochoa, the defendant contended that the trial court violated his rights when it refused to

give an instruction stating that the jury could consider sympathy for his family as a mitigating factor.  Id. at 506.  The California Supreme Court held "sympathy for a defendant's family is not a matter that a capital jury can consider in mitigation, but that family members may offer testimony of the impact of an execution on them if by so doing they illuminate some positive quality of the defendant's background or character."  Id.  In other words, a defendant may present evidence "that he or she is loved by family members or others, and that these individuals want him or her to live . . . because it constitutes indirect evidence of the defendant's character."[1]  Id. at 505-506.  The mitigating factor at issue does not directly invite the jury to consider sympathy for Fell's loved ones.  The mitigating factor only alleges that Fell's execution would affect third parties who care for him.

    Fell is entitled to present any relevant mitigating evidence in support of a sentence less than death, including any and all evidence relating to his background, record or character.  Third party impact testimony may shed light on

---

[1] Ochoa provided an example of mitigating evidence the jury may consider.
> For example, a jury may take into account testimony from the defendant's mother that she loves her son if it believes that he must possess redeeming qualities to have earned his mother's love.  But the jury may not spare the defendant's life because the jury feels sorry for the defendant's mother, or believes that the impact of the execution would be devastating to other members of the defendant's family.

Id. at 506.

4

Fell's background and character by providing testimony about any "positive qualities," "his capacity to be of emotional value to others" and the nature of his interpersonal relationships.  However, testimony regarding the effect of Fell's execution should be limited to the extent it relates to his background, record or character.  The Government correctly notes that sympathy for a defendant's family should not be considered by the jury in mitigation.  Evidence introduced solely to elicit jury sympathy towards third parties impacted by Fell's execution will be precluded.

### Conclusion

For the reasons set forth above, the Court denies the Government's motion to strike this mitigating factor.  At the conclusion of the sentencing phase, the Court will consider whether a jury instruction regarding sympathy for the defendant's family is appropriate.


Dated at Burlington, Vermont this day of 5 July, 2005.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge, U.S. District Court