UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:01-CR-00012 |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD FELL | ) | |
| | ) | |
| Defendant. | ) | |

**DONALD FELL'S REPLY TO THE RESPONSE OF THE GOVERNMENT
(DOC 555) TO MOTION FOR (A) DISCLOSURE AND (B) RETURN OF
INFORMATION AND RECORDS IN GOVERNMENT'S POSSESSION**

On May 4, 2015 (Doc 548), the Fell defense filed a Motion for (A) Disclosure and
(B) Return of Information and Records in Government's Possession to Permit Ruling
Protecting Mr. Fell's Rights and Privileges.  (Doc 548.)  On May 19, 2015, the
Government responded to this motion.  (Doc 555.)  Donald Fell, through counsel, now
replies to the Government's Response.

In bringing his motion, Donald Fell argued that the Government has been
provided access to attorney files and records that are recognized as privileged and
confidential by Federal courts, and also that the Government is in possession of reports
and foundational information supporting expert opinions about Donald Fell's mental
condition that should not be used by the Government either to prepare for, or to litigate,
any aspect of this case at this point.  In its response (Doc 555), the Government
acknowledges being in possession not only of files and records from Donald Fell's first

defense trial team (Doc 555, at p.2), but also being in possession of a number of mental condition reports and related material that were provided to the Government by the defense, or that the Government obtained after having applied for Orders permitting examination of Mr. Fell.  These mental condition reports and materials were obtained by the Government as follows: some were provided in an effort to settle Mr. Fell's case and to preclude pursuit of the death penalty; some were provided in connection with the defense's trial level attempt to satisfy the dictates of F.R.C.P. 12.2(b) and ( c ) in case a decision was made to offer mental condition expert evidence in the penalty trial of the 2005 trial proceedings; and third, in connection with post-conviction litigation of the 2255 petition in this case.  (Doc 555, at pp.5-7.)

As to the first category of defense materials, the first Fell trial counsels' files and records, the Government argues that it is in lawful and appropriate possession of the files and records of Donald Fell's trial counsel.  The Government disputes the contention by the current Fell defense that there was some agreement with 2255 counsel to protect the confidentiality of these files and records. Nonetheless, the Government is agreeing to return those legal files and related documents – if the 2255 litigation is in fact concluded. (Doc 555, at p.3.)

On this issue, the current Fell defense is of the view that the Government is incorrect in arguing that Donald Fell has no privileges to claim, or legitimate objections, to the Government's use of attorney files, work product and attorney-client privileged material to prepare for, and engage, in the re-trial of a criminal case. That argument has

already been addressed in the Fell pleadings, and the Government offers no case law supporting its position to the contrary. However, the Government is also offering to return the material to the defense, and in doing so is offering a reasonable response to the objections.  The defense understands, given its several recent filings, that the Government wants to be assured that the 2255 litigation is concluded before agreeing to returning all of the defense file material.  The Fell defense is moving that the Court to enter an order indicating that in the absence of specific permission from the Court, no information from Mr. Fell's defense counsels' files and records transmitted to the Government during the 2255 proceedings should be used as the basis of any investigation of the case against Donald Fell, or of any retrial of this case.

As to the matter of mental condition expert material, the defense disagrees with the Government's response and offers the following reply. First, the Court should order the return, or effective quarantining (through enlistment of a taint team which could be designated to hold materials pending further litigation of this issue if necessary), of all mental condition expert materials that were either provided to the Government by Mr. Fell's initial trial team; provided by the 2255 team; or generated as the result of the Government's successful pursuit of either orders or agreements that Mr. Fell be examined by Government examiners.  Second, the Government offers no legal reasoning to support the legitimacy of its use or possession of the Fell mental condition expert materials at this juncture of the case. The Government's main argument is that this effort is really one aimed at 'unringing the bell' that was rung some time ago and that,  in any

event, the Government would only use the information that it has in hand through the various mental condition reports "...in rebuttal." (Doc 555, at p.6.) Neither argument overcomes the Fell objections and motion.

The Government acknowledges (Doc 555, at p.7) that at this juncture, the aftermath of a 2255 petition granted restores Mr. Fell to the circumstances "...that would have existed had there been no constitutional error." *United States v. Carmichael*, 216 F.3d 224, 227 (2d Cir., 2000). [See Doc 555, at p.7.] The Government then makes reference to the 'competing interests' that exist, and to its right to rebut the presentation of mental condition evidence introduced by the defendant. It also references the litigation in the District of Massachusetts in *United States v. Sampson* as instructive on this issue. (Doc 555, at p.6.)

The Fell defense replies as follows. First, there is no current 12.2 (b) or ( c ) notice on file in this case–and for reasons argued at greater length below, this fact undermines the Government's claim that it has something to rebut. Second, the Fell defense replies that on the matter of the *Sampson* case, the Government's argument utterly fails to inform the Court that in *Sampson* the retrial ordered was only the penalty hearing. The guilt trial results were undisturbed–a major distinction between that case and this one. The new *Sampson* lawyers did not focus their arguments on the implications of the procedures set forth in Federal Rule of Criminal Procedure 12.2(b) as well as (c), in that they did not premise a major part of their objections on the need for a new notice to

trigger both guilt and penalty expert based mental condition evidence. Mr. Fell has done so.

     While the Government is correct that Sampson and his newly appointed counsel sought to assert privileges and to quarantine mental condition reports and materials that have already been disclosed to Government counsel, and foreclose dissemination of a competence report on Sampson (which the Government does mention in footnote 4), the *Sampson* argument was not completely parallel to the one made here.  Here, Mr. Fell is pointing out, and has argued, that the trigger for the Court's interest in mental condition related expert evidence beginning in the guilt trial is the tendering of a notice under Rule 12.2(b) – which then permits the Court to order various examination under 12.2(c)(1).  In the absence of the tendering of the notice, the Government does not get access to reports, experts, the fruit of their opinions, and the foundation for those opinions.  It also cannot make use of the information to advance its preparation, or further investigation. It bears repeating that the Fell defense did not present a mental condition in any part of the trial–and withdrew its truncated notice of intent to introduce mental condition expert evidence in mitigation. That is not what happened in the *Sampson* case.

     In Donald Fell's case, as distinguished from the *Sampson* case, further defense preparation, and decision making, remains to be done so that undersigned counsel can address the question of whether the Fell defense notices its intent to introduce guilt and/or penalty related expert based mental condition evidence within the meaning of F.R.C.P. 12.2 (b) and (c)(2), (3), and (4).  Indeed, in one of the pre-conviction orders in

*United States v. Sampson*, 335 F.Supp.2d 166 (D.Mass., 2004), the District Court noted that Sampson had tendered his notice of intent to introduce expert evidence, and the Government had challenged the extent of the notice provided, which resulted in litigation on that issue. *Id.*, at 241-42.

Here, the initial tendering of mental condition expert reports from the defense to the Government in this case occurred as part of settlement and de-authorization discussions. Then the defense tendered notice of intent to introduce mental condition evidence in mitigation, but withdrew that 12.2(c) notice prior to the completion of trial, and then never introduced mental condition evidence in the Fell trial. Then in 2255 proceedings there were allegations that the mental condition issues were ineffectively handled by Mr. Fell's trial counsel, which generated further expert based mental condition information. None of that, however, was the subject of full litigation since the ineffectiveness claim was not addressed on the merits. Now, pending retrial, the current defense has no pending 12.2 (b) or ( c ) notices on file, and does not need to have them on file until the time limits set for the filing of the notice. For a number of reasons, newly appointed counsel are still in no position to make informed decisions on the presentation of mental condition testimony on guilt, eligibility or penalty. Indeed, at this point, the newly appointed defense does not yet have an approved budget for defense services.

The defense does not dispute that the United States Supreme Court has ruled that once the accused places mental condition at issue and moves in the direction of introducing evidence that includes his statements, he waives a Fifth Amendment

challenge to the prosecution's use of evidence obtained through an examination to rebut the mental condition defense. *Buchanan v. Kentucky*, 483 U.S. 402, 422-83 (1987). But, at the same time, the United States Supreme Court has acknowledged that: "[a] criminal defendant who neither initiates a psychiatric evaluation nor attempts to introduce any psychiatric evidence, may not be completed to respond to a psychiatrist if his statements can be used against him at a capital sentencing proceeding." *Estelle v. Smith*, 451 U.S. 454, 467-68 (1981). The Supreme Court has made it clear that it is affirmative conduct by the defense that can trigger the Government's right to use evidence from the defendant obtained by penetrating both the Fifth and Sixth Amendment privileges through mental condition examinations. *Powell v. Texas*, 492 U.S. 680, 681-84 (1989)(*per curiam*). A number of cases have since considered the implications of the assertion of Fifth and Sixth Amendment privileges where mental condition evidence was at issue, and those that have examined the issue in some detail explain the complex interrelationship between the Fifth and Sixth Amendment issues involved. See, for example, *U.S. v. Johnson*, 362 F.Supp.2d 1043, 1085-92 (N.D.Iowa, 2005). The Federal cases, including *Sampson*, supra, emphasize the significance of a trial related 12.2 notice–of the type that the Fell defense is currently not prepared to address.

The Government's reliance on *Kansas v. Cheever*, 134 S.Ct. 596 (2013) [Doc 555, at p.6], on this issue is misplaced. This case is not in the same posture as *Cheever*. In Federal criminal trial proceedings, Federal Rule of Criminal Procedure 12.2 sets forth the procedure for tendering notice of, and for the Government's response to, expert based

mental condition evidence either addressing guilt, or addressing penalty (or both). Since a new trial has been ordered in this case, the Fell defense is correct that none of the triggers signaling the current presentation of a mental condition defense has yet been tripped. Moreover, while the Government may well consider that material furnished to it in connection with negotiation and de-authorization is fully in its possession, the strictures of Federal Rule of Evidence 410, and Federal Rule of Criminal Procedure 11 offer Mr. Fell protection against collateral use by the Government of that material in connection with the litigation of the capital case.

Donald Fell is presenting this Court with a question that was not presented to the District Court in the *Sampson* litigation, because the procedural posture of his case is different after the granting of the new trial than that of Mr. Sampson. The Government is correct that from a practical standpoint, over the life of this case, the Government has been provided material that was, at the time, properly placed in its hands–though the new Fell defense has also raised a continuing objection (first raised by Mr. Fell's defense team, and expanded by his 2255 lawyers) to the Government's acquisition of information from and about Mr. Fell after Dr. Michael Welner became a Government expert. Those objections persist. At present, however, Mr. Fell has substantive and procedural rights, given the procedural history of the case, to insist on being returned to a posture that eliminates the constitutional violations that he suffered.

In sum, the Fell defense respectfully submits that it correctly has asserted Mr. Fell's rights and privileges in seeking to minimize intrusion on his attorney-client

privilege with his first counsel, and in insisting on adherence to the procedures set forth by the United States Supreme Court, and embodied in Federal Rule of Criminal Procedure 12.2(b) and (c) in relation to expert based evidence of mental condition introduced for either guilt defense or penalty mitigation purposes.  The Government's arguments that because at some point in the case the defense provided the information to the Government, Mr. Fell's rights are meaningless are meaningless at this juncture is unsupported by case authority or by the Federal Rules.

As noted above, the Court should order a specific limitation on direct or collateral use of defense attorney files and records.  Second, on the question of the Rule 12.2(b) and (c) issues, the Court should issue an order that clearly spells out the limits of the Government's ability to use material submitted for settlement or de-authorization purposes to aid in preparation or presentation of its case on the one hand, and should limit the Government's direct and collateral use of the material obtained from the Fell defense, or from its own examinations as well.  Whether this limitation calls for further remedies remains to be determined.

## CONCLUSION

For the reasons stated here, and in Mr. Fell's initial pleading on these issues, the Court should grant relief as requested by the Fell defense.

Dated at San Francisco, California, this 28th day of May, 2015.

Dated: May 28, 2015                Respectfully Submitted,
                                          MICHAEL N. BURT
                                          KERRY B. DeWOLFE
                                          JOHN T. PHILIPSBORN


By:  */s/ John T. Philipsborn*
John T. Philipsborn
Law Office of John T. Philipsborn
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801 phone
(415) 771-3218 fax
jphilipsbo@aol.com
Counsel for DONALD FELL

10

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2015, I electronically filed with the Clerk of Court

the following document(s):

**DONALD FELL'S REPLY TO THE RESPONSE OF THE GOVERNMENT (DOC 555) TO MOTION FOR (A) DISCLOSURE AND (B) RETURN OF INFORMATION AND RECORDS IN GOVERNMENT'S POSSESSION**

using the CM/ECF system.  The CM/ECF system will provide service of such filing(s)

via Notice of Electronic Filing (NEF) to the following NEF parties:

Michael N. Burt, Esq.
Kerry B. DeWolfe, Esq.
Julie B. Mosley, Esq., Justice Department
William B. Darrow, Esq., Assistant United States Attorney

I also caused to be served, by U.S. Postal Service, the following non-NEF party:

Donald Fell
Register Number 05306-010
The Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

Dated at San Francisco, California, this 28th day of May, 2015.

 */s/ Melissa Stern*
Melissa Stern
Legal Assistant
Law Office of John T. Philipsborn
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801 phone
(415) 771-3218 fax
jphilipsbo@aol.com
Counsel for DONALD FELL

11