IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, | § § § § |
| v. | §   5:01-CR-12 (GWC) |
| **DONALD FELL**, Defendant. | § § § § |

### GOVERNMENT'S RESPONSE TO DEFENDANT FELL'S NOTICE OF WAIVER AND WAIVER OF PERSONAL PRESENCE WITHIN THE MEANING OF FEDERAL RULE OF CRIMINAL PROCEDURE 43

**TO THE HONORABLE COURT:**

COMES NOW, the United States of America, by and through the undersigned counsel, and responds to defendant Donald Fell's ("Mr. Fell's") Notice of Waiver and Waiver of Personal Presence Within the Meaning of Federal Rule of Criminal Procedure 43 ("Notice and Waiver") [DE #558], that was filed on May 28, 2015.

Brief Pertinent Background

This case presents itself for a new trial, following a 2005 trial that produced a verdict of guilty and a sentence of death and as to which the United States Supreme Court twice denied certiorari. For most of the intervening years, Mr. Fell was housed with other federal prisoners who are facing capital sentences at USP-Terre Haute. However, with the advent of Mr. Fell's new trial, he is currently housed at MDC-Brooklyn, because there are no federal prisons in the state of Vermont. Mr. Fell's new trial is currently scheduled to begin on September 1, 2016.

<u>Mr. Fell's Proposed Waiver of Appearance</u>

In his Notice and Waiver, Mr. Fell represents (in a document signed by him) that he is possessed of the:

> [K]nowledge that he has the right to be present at all stage of the proceedings, and that the law requires him to be present at certain proceedings, including his initial appearance, at every trial stage, and at sentencing, as provided in Rule 43(a). The undersigned Donald Fell hereby acknowledges that he is also aware that his presence is not required when the proceeding "involves only a conference or a hearing on a question of law."

[<u>Notice</u>, pages 1-2]  Thereafter, Mr. Fell avers that he waives his presence "at any hearing or proceeding at which the Court excuses his presence under the provisions of Federal Rule of Criminal Procedure 43."  [<u>Id</u>., page 2]

Beyond stating that Mr. Fell's presence is not required for a proceeding that "involves only a conference or a hearing on a question of law," and that Mr. Fell wishes to be excused from "any hearing or proceeding which the Court excuses his presence," Mr. Fell's Notice and Waiver does not offer any specific requests or guidance to the Court as to which "hearings or proceedings" Mr. Fell's presence can or should be waived under Rule 43, nor does Mr. Fell identify any safeguards that ought to be followed by the Court prior to granting any such waivers.

As shown below, Mr. Fell's Notice and Waiver implicates potentially serious and complicated issues as to which there is not a consensus as to the proper resolution.  Indeed, for nearly three-quarters of the past Century, Supreme Court precedent strictly forbad a capital defendant's voluntary absence from the criminal proceedings against him.  To be sure, the 1974 amendments to Rule 43, and subsequent Circuit authority, have questioned this earlier prohibition against waiver.  However, significant and fact-specific issues remain.  One factor on which the authorities agree is that any waiver of presence by a capital defendant at any important

substantive proceeding must be done voluntarily, knowingly, and intelligently by the defendant and that it should be accomplished in-court, on-the-record, following an appropriate colloquy with the Court, which results in specific findings by the Court that are sufficient to support the defendant's waiver.

### Mr. Fell's Notice and Waiver Raises Potentially Difficult and Sensitive Issues

In order to identify and examine the potential issues raised in Mr. Fell's Notice and Waiver, we will first examine the Supreme Court precedent that had settled this issue (in the negative) for some three-quarters of a Century. Next, we will turn to the provisions of the amended Federal Rule of Criminal Procedure 43 ("Defendant's Presence"). Thereafter, we will review various modern Circuit authorities that have grappled with this issue. Finally, we will suggest to the Court a process and a series of procedures that we believe strike an appropriate balance in this capital case between the desires and rights of Mr. Fell and the requirements and safeguards under Circuit precedent and considerations.

### Historic View/*Diaz v. United States*

The Supreme Court has in the past frowned upon waivers of the right to attend proceedings where a defendant remains in custody and is charged with a capital offense. *See Diaz v. United States*, 223 U.S. 442, 455-56 (1912) (citing the then-prevailing rule permitting voluntary waiver of right to attend proceedings only "where the offense is not capital"); *see also Illinois v. Allen*, 397 U.S. 337, 341 (1970) (holding that a disruptive capital defendant could be removed from the courtroom, but the judge must continue to offer every opportunity for the defendant to return). In *Diaz v. United States*, the Supreme Court reasoned, in *dicta*, that "an accused who is in custody" who "is charged with a capital offense" is "incapable of waiving the right" because "he is deemed to suffer the constraint naturally incident to an apprehension of the

awful penalty that would follow conviction." *Diaz v. United States*, 223 U.S. at 455. In its entirety, the pertinent quotation reads:

> In cases of felony our courts, with substantial accord, have regarded [the right of an Accused to be present at proceedings] as extending to every stage of the trial. . . . ***And with like accord they have regarded an Accused who is in custody and one who is charged with a capital offense as incapable of waiving the right***; the one, because his presence or absence is not within his own control; and the other because, in addition to being usually in custody, he is deemed to suffer the constraint naturally incident to an apprehension of the awful penalty that would follow conviction. But, *where the offense is not capital and the Accused is not in custody*, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present, and leaves the court free to proceed with the trial in like manner and with like effect as if he were present.

Id. (emphasis provided); *see also Cross v. United States*, 325 F.2d 629, 631 & n.5 (D.C. Cir. 1963) (reaffirming *Diaz*'s distinction regarding confined capital defendants); *Near v. Cunningham*, 313 F.2d 929, 931 (4th Cir. 1963) (right of a capital defendant to be present is so fundamental that it cannot be waived); *and cf., Taylor v. United* States, 414 U.S. 17, 19-20 (1973) (noting *Diaz*'s distinction regarding capital cases).

Thus, historically, the absence sought by Mr. Fell was, in all likelihood, foreclosed to him.

## Rule 43

In 1974, Federal Rule of Criminal Procedure 43 was amended largely to address the issues implicated when faced with an obstreperous capital defendant as occurred in *Illinois v. Allen*, 397 U.S. 337 (1970). *See* Rule 43 (Advisory Committee Notes).[1] In *Illinois v. Allen*, the

---

[1] The *Diaz* standard (prohibiting voluntary waivers in cases of confinement or capital offenses) served as the basis for the original Rule 43 of the Federal Rules of Criminal Procedure, which required the defendant to be present at "every stage of the trial." *Cross v United States*, 325 F.2d 629, 631 & n.2 (D.C. Cir. 1963) (*citing* Fed. R. Crim. Pro. 43). Courts continue to acknowledge the significant public interest in ensuring justice in capital cases involving

Supreme Court left for further clarification by the courts the issue of when a capital defendant can waive his right to be present.  397 U.S. at 345.  As amended, Rule 43 reads in total:

> **Rule 43. Defendant's Presence**
> **(a) When Required.**  Unless this rule, Rule 5,[2] or Rule 10[3] provides otherwise, the defendant must be present at:
> **(1)** the initial appearance, the initial arraignment, and the plea;
> **(2)** every stage of trial, including jury impanelment and the return of the verdict; and
> **(3)** sentencing.
> **(b) When Not Required.**  A defendant need not be present under any of the following circumstances:
> **(1) Organizational Defendant**.  The defendant is an organization represented by counsel who is present.
> **(2) Misdemeanor Offense**.  The offense is punishable by fine or by imprisonment for notmore than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur by video teleconferencing or in the defendant's absence.
> **(3) Conference or Hearing on a Legal Question**.  The proceeding involves only a conference or hearing on a question of law.
> **(4) Sentence Correction**.  The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).
> **(c) Waiving Continued Presence.**
> **(1) In General**.  A defendant *who was initially present at trial*, or who had pleaded guilty or nolo contendere, *waives the right to be present under the following circumstances*:

---

defendants who remain in confinement.  Indeed, Courts go to great lengths to avoid holding a trial *in absentia*. *See, e.g. Illinois v. Allen*, 397 U.S. 337, 344 (1970) (in some cases, preferable for trial courts to order an extremely disruptive defendant bound and gagged rather than keep him out of the courtroom thereby continuing to allow defendant the opportunity to confront witnesses at trial); *Wilson v. Harris*, 595 F.2d 101, 103 (2d Cir. 1979) (where non-capital defendant consistently frustrated and delayed his proceedings, including by ultimately refusing to leave his cell, Court suggested that better practice than trial *in absentia* would have been to order corrections officers to bring the defendant to court, presumably by force if necessary, so that a waiver of his rights could be obtained in open court and on the record.)  Additionally, Courts recognize that a defendant has a diminished ability to waive the right to be present where, as here, the defendant is in custody.  *See, e.g. In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93 (2d Cir. 2008), *cert. denied*, 556 U.S. 1283 (2009) ("[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence." (quoting *United States v. Gagnon*, 470 U.S. 522, 526-27 (1985) (concluding that the exclusion of a defendant from a trial proceeding should be considered in light of the whole record)).

[2]  Rule 5 addresses Initial Appearances in criminal cases.
[3]  Rule 10 governs Arraignments.

>> **(A)** when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant or an obligation to remain during trial;
> **(B)** *in a noncapital case*, when the defendant is voluntarily absent during sentencing; or
> **(C)** when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, bu the defendant persists in conduct that justifies removal from the courtroom.
> **(2) Waiver's Effect.**  If the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence.

[Id. (bold-italicized emphasis provided)]

Therefore, by its terms, Rule 43(b)(3) permits Mr. Fell to waive his presence with regard to proceedings that involve "only a conference or hearing on a question of law," assuming Mr. Fell's waiver is knowing, intelligent, and voluntary.  However, Rule 43(b)(3) begs the question of when a hearing or proceeding is truly *only* about a *question of law* – as opposed to a "mixed" proceeding or something else?  Moreover, experience dictates that, despite the best of intentions, a hearing intended to encompass only questions of law might nevertheless *sua sponte* find itself wrestling with broader and unanticipated topics beyond those as to which Mr. Fell's presence is "not required" under Rule 43(b).

Turning next to those instances when a defendant *must be present* under the Rule, it is clear that the majority of the interim proceedings and hearings are not stages of Mr. Fell's "trial."  *See* Rule 43(a)(2).  As a result, Mr. Fell's presence for most pre-trial matters is not mandated by the Rule.

Finally, Rule 43(c) deals with situations where a defendant who was initially present at trial desires to waive (or *de facto* waives) his continued presence at trial.  Because we are not yet

in trial, and because Mr. Fell's Notice and Waiver does not appear to request the waiver of his presence at trial, the implications of Rule 43(c) are generally beyond the scope of this Response.[4]

Hence, Rule 43 permits a capital defendant – under certain circumstances – to waive his presence at various hearings and proceedings, including substantive criminal proceedings (other than his sentencing.)  *Accord Campbell v. Wood*, 18 F.3d 662, 672 (9th Cir. 1994) (*en banc*), *cert. denied*, 511 U.S. 1119 (1994) (surveying development of law and resolving there is "no principled basis for limited to noncapital offenses a defendant's ability knowingly, voluntarily, and intelligently to waive the right of presence."); *United States v. Tipton*, 90 F.3d 861, 873 & n.3 (4th Cir. 1996) *cert. denied*, 520 U.S. 1253 (1997); 3A Charles A. Wright, *Federal Practice & Procedure* § 723.

<u>For Significant Proceedings, An On-the-Record Colloquy and Waiver is Required</u>

However, before a defendant can validly waive his presence for more important matters, explicit, on-the-record, personal statements of consent by the defendant are required.  *See Gonzalez v. United States*, 553 U.S. 242, 247-48 & 251 (2008) (*e.g.*, guilty pleas (Rule 11(b)); trial by magistrate judge in misdemeanor case (18 U.S.C. § 3401(b)); *Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir. 1991), *cert. denied*, 505 U.S. 1223 (1992) ("Where an inherently personal right of fundamental importance is involved, the defendant's personal consent is required.")  In capital litigation, defendants regularly (and correctly) invoke the argument that "death is different," because capital punishment is the most extreme punishment that can be imposed in our society

---

[4] When implicated, Rule 43(c) presents a potential conundrum.  By its terms, Rule 43(c) (Waiving Continued Presence) permits a defendant "who was initially present at trial" to waive his presence if he is "voluntarily absent after the trial has begun...."  *See* Rule 43(c)(1)-(2). However, because sub-paragraph (c)(B) specifically *excludes* capital defendants from its reach, it is possible to infer that Congress intended to *include* capital defendants within all other provisions of Rule 43.  *Inclusio unius est exclusio alterius*.

and because of its finality.  Here, because Mr. Fell potentially faces a sentence of death (an "awful penalty," *United States v. Diaz*, 223 U.S. at 455) for the second time, and because Mr. Fell is in federal custody, the bar for Mr. Fell's "good cause" showing in support of his request for a continuing waiver should be set cautiously (but not impossibly) high.

Trial-Waiver Cases Provide Guidance

Although Mr. Fell's requested waiver does not yet encompass his presence at trial, a review of important considerations in "trial-waiver" cases is instructive.  For instance, underscoring the gravity of a defendant's waiver of his presence in a capital trial the District of Columbia Circuit in *Cross v. United States*, 325 F.2d 629, 631-33 (D.C. Cir. 1963), cautioned:

> [W]here the defendant is available, "the serious and weighty responsibility" of determining whether he wants to waive a constitutional right requires that he be brought before the court, advised of that right, and then permitted to make "an intelligent and competent waiver."  This has been the uniform practice.  In the District Court here waivers by defendants ... are taken in open court in writing, signed by the defendant personally on forms prescribed for the purpose.  Since the right to be present at trial is "scarcely less important to the accused than the right of trial itself," some such procedure is certainly indicated before a trial judge can determine whether the defendant has made an intelligent and competent waiver.  At least an on-the-record statement in open court by the defendant himself should be required.

Id. (citations omitted).

In *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996), three defendants appealed their convictions and sentences of death claiming, *inter alia,* that the District Court erred in accepting their *attorney-delivered* waivers of their presence for *a portion* of the voir dire stage of the trial. Id. at 871 (defense counsel were present at all stages of voir dire; as to a limited portion of the voir dire, that occurred in chambers, each defense attorney checked with his/her client and advised the Court that the client waived his presence for that portion of the voir dire.)  On appeal, the Fourth Circuit struggled with whether a waiver by a capital defendant "may only be effected

by a formal in-court proceeding," which had not occurred. Id. at 873. Determining the issue to be an "open question," see id. at 873 n.4, the Fourth Circuit concluded that the defendants had forfeited all arguments on this issue, other than plain error – which standard the Court held (after lengthy analysis) the defendants had not met. Id. at 873-76.

The more recent case of United States v. Mitchell, 502 F.3d 931 (9th Cir. 2007), cert. denied, 553 U.S. 1094 (2008), focused on the pitfalls of a *continuing* waiver during trial. In *Mitchell*, a defendant repeatedly sought leave of Court to waive his appearance at the penalty phase of his capital trial. Following numerous requests by the defendant to waive his presence, occurring over several days, and a series of on-the-record cautions by the Court, the District Court found the defendant's waiver to be knowing, voluntary, and intelligent, and his presence was waived. However, on appeal from a sentence of death, the same defendant maintained that the District Court erred in granting the waiver he repeatedly requested, because (i) Rule 43 foreclosed the Court from granting his request, and (ii) his request to waive his presence constituted "irrational behavior and demeanor" and therefore Due Process obliged the Court *sua sponte* to conduct a competency hearing on the defendant, which the Court had not done. Id. at 935-37. The Ninth Circuit, found the defendant's waiver to be "the more difficult issues" raised in his appeal, but it ultimately affirmed the District Court's decision on this issue because:

> It is clear from the record that Mitchell understood the nature of the proceedings and that his chances of avoiding the death penalty could ride on his presence. He points to no psychiatric evidence that he was somehow clinically incompetent. Finally, Mitchell was not disruptive, did not launch into emotional outbursts, maintained appropriate demeanor, and did not behave erratically. In short, Mitchell gave the judge no "reason to doubt [his] competence."

> \*     \*     \*     \*

> While Mitchell recognized that his decision might be self-defeating, he made it anyway. The court did its best to talk Mitchell out of doing something that it believed was imprudent and not in his best interests. Mitchell acknowledged

what the court, and his counsel, thought but, as he put it at one point, "Isn't that my decision?" As manifest by the extensive exchanges, Mitchell was alert, understood what he was doing, and gave no hint of lacking a rational grasp on the proceedings. Accordingly, the district court did not err in failing to hold a more complete competency hearing *sua sponte*.

Id. at 986-87 (citations and parenthetical omitted.)

Moreover, on a collateral issue, in *Illinois v. Allen*, 397 U.S. 337 (1970), the Supreme Court held that when a capital defendant has been removed from the courtroom because of his lack of decorum, the defendant must regularly be informed that his return to the courtroom will be permitted if he will conduct himself in an orderly manner. Id. at 341.

In this case, Mr. Fell has not demonstrated a lack of decorum during the proceedings. However, applying the serial-waiver concept of *Illinois v. Allen* to Mr. Fell's May 28, 2015 Notice and Waiver it is plain that Mr. Fell seeks to waive generally his presence at hearings and proceedings between May 28, 2015 and September 1, 2016. Moreover, if such a continuing waiver was granted, it is certainly conceivable that at some time prior to September 1, 2016, Mr. Fell might change his mind and no longer desire to continue to waive his presence. As a result, in the Government's view, if the Court is inclined to grant Mr. Fell the continuing waiver he seeks, it would be prudent to incorporate a ready-mechanism by which Mr. Fell could immediately communicate to the Court his desire to withdraw his continuing waiver (either generally or with regard to specific or discreet proceedings.) Similarly, it might be prudent for the Court to periodically re-confirm with Mr. Fell that Mr. Fell remains resolute in the maintenance of his continuing waiver and, moreover, that Mr. Fell's continuing desire remains a knowing, voluntary, and intelligent one.

Conclusion

The Government respectfully recommends that, prior to granting the relief sought in Mr. Fell's Notice and Waiver, the Court engage in an in-person colloquy with Mr. Fell during which the Court would examine Mr. Fell in an on-the-record proceeding to assure itself that Mr. Fell's request for a continuing waiver is a knowing, voluntary, and intelligent one and that the Court place its findings to that effect on the record.  Further, the Government recommends that the Court provide Mr. Fell with a mechanism by which Mr. Fell can immediately notify the Court (and his counsel) if Mr. Fell wishes at any time to withdraw his continuing waiver.  Finally, the Government suggests that the Court require Mr. Fell to "appear" on an intermittent basis through the mechanism of Video-tele-Conference ("VTC") in order to allow the Court to conduct brief colloquies with Mr. Fell in order for the Court to re-assure itself that Mr. Fell continues to desire to waive his presence at the various pre-trial hearings and proceedings and that Mr. Fell's continuing desire remains a knowing, voluntary, and intelligent one (particularly with regard to conferences or hearings that are not solely "on a question of law.")

Respectfully submitted,

EUGENIA A.P. COWLES
Acting United State Attorney

*William B. Darrow*
_____
WILLIAM B. DARROW
Assistant United States Attorney
P.O. Box 570
Burlington, VT  05402-0570
(802) 951-6725
Bill.Darrow@usdoj.gov

*Bruce R. Hegyi*
_____
BRUCE R. HEGYI
Trial Attorney
United States Department of Justice
Capital Case Section
1331 F Street, N.W., 6th Floor
Washington, D.C.  20530
(703) 536-4774
Bruce.Hegyi@usdoj.gov

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was automatically served on all counsel of record for the defendant as a result of my having filed this document using the ECF system on this 11th day of June, 2015, such counsel of record being:

      John T. Philipsborn, Esquire
      Michael N. Burt, Esquire
      Kerry B. DeWolfe, Esquire

*Bruce R. Hegyi*
_____
BRUCE R. HEGYI
Trial Attorney