UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATE OF AMERICA | ) |
| | ) |
| v. | )   No. 5:2001-CR-00012 |
| | ) |
| DONALD FELL | ) |

**FELL'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION
FOR THE COURT TO COMPLETE THE § 2255 LITIGATION**

The Government, in response to Fell's motions seeking to proceed with claims previously raised in his § 2255 petition, maintains that Fell is seeking to pursue a "novel claim of misconduct" and is asking to "add a claim to a previously concluded collateral attack." The Government also alleges that this "new claim is moot" and the Court lacks jurisdiction to proceed. *See* Government's Opposition to Motion for Court to Resolve Issues Remaining in the § 2255 Petition (Doc. 562). None of the Government's positions is factually or legally sound. Fell, as is clear from his motion, is seeking to proceed with discovery that has already been ordered on claims of prosecutorial misconduct that have already been found to be meritorious. He is also seeking to have a hearing on those claims and have the court impose the equitable remedies that are necessary to restore him to the circumstances that would have existed had there been no constitutional violations. The Government's arguments do not address the core issue left open by the Court in its order of July 24, 2014 and raised by Fell in his motion; that is, that there are claims remaining in Fell's § 2255 petition that must be resolved.

1. OVERVIEW

Donald Fell filed a petition pursuant to 28 U.S.C. §2255 seeking a variety of relief including vacating his convictions and sentences, ordering appropriate retrials, and "for such further and additional relief as may be just." *See* Motion of Donald Fell for Collateral Relief, to Vacate, Set Aside or Correct Sentence, and for a New Trial Pursuant to 28 U.S.C. §2255, March 21, 2011, at 364-65 (Doc. 301). After lengthy and detailed briefing by both parties, the Court found multiple claims of prosecutorial misconduct to be supported by sufficient facts to proceed to discovery. Order on Motion to Dismiss, May 10, 2013 (Doc. 367). These claims include knowingly eliciting false testimony relating to the Eike incident in violation of *Napue, Id.* at 88, and multiple failures to disclose *Brady* material, *Id.* at 92-102. [1]

The claims allege serious misconduct. The government acknowledged that the Eike incident was key evidence in support of its argument that Fell was an extremely violent person who showed no remorse, who committed a similar assault within months of King's killing. Order, 5/10/13 at 88 (Doc. 367). The Court, reviewing the Eike claim on an undeveloped record, found that "the government's characterization of Eike's state as a coma was not true." *Id.* at 87. The Court also found that there is evidence that the government knew or should have known that the seriousness of the Eike assault was exaggerated and that the assault may not have been unprovoked. *Id*. at 89.

One of the *Brady* claims is the Government's failure to produce the notes and reports generated by the FBI and Dr. Welner in the course of his work for the prosecution. The Government has in fact acknowledged that it failed to disclose these items. *Id.* at 94 (Doc. 367).

---

1 The Court has already found that the Government violated its order of April 7, 2005 and made an improper argument to the jury. Opinion and Order, 4/24/2006, at 19, 33 (Doc. 236). Fell maintains this misconduct must be considered all with other misconduct alleged in the petition when assessing the cumulative effect of the prosecutorial misconduct in this case.

These documents, as the Court knows, continue to be relevant and the issues relating to their use are already the subject of discussion in the second trial.  Even without complete discovery, there is substantial evidence of repeated, serious prosecutorial misconduct which suggests that Fell's constitutional rights were violated.

The Court ultimately entered two discovery orders relating to these claims, Order, 5/10/2013 (Doc. 369) and Memorandum and Order re: Discovery, 12/19/2013 (Doc. 458), but discovery stalled as the parties focused on the juror misconduct issue.[2]  After an evidentiary hearing on juror misconduct, the Court issued the following order,

> Fell's amended Section 2255 motion on the basis of juror misconduct is GRANTED, and Fell is entitled to a new trial.  The Court notes, however, that there are remaining claims in Fell's amended motion.  The parties shall confer and inform the Court through briefing of their respective positions as to how this matter should proceed.

Opinion and Order, 7/24/ 2014 (Doc. 514).   The plain meaning of this order is that viable claims remain and that the Court intended to proceed.  The Court, extremely familiar with the case at that point, did not rule that the remaining claims were moot, nor did it suggest that there was no further relief that might be necessary. The order contemplates going forward with the claims remaining in the petition.  Fell is seeking to move forward on his claims as he believes that he is potentially entitled to further equitable relief for the injury he has sustained.

Moreover, the issues of misconduct raised in the petition, if not resolved and remedied, will inevitably compromise the integrity of the second trial. The law speaks clearly to the need for need for reliability in the determination that death is the appropriate punishment in a specific case. *Woodson v. North Carolina,* 428 U.S. 280, 305(1976) (plurality opinion).  The Second

---

[2] *See* Exhibit A, attached to Fell's Motion to Complete 2255 Litigation (Lewis Liman letter of 1/28/2014 to ASUA Darrow.)

Circuit, in earlier proceedings in this case, citing numerous Supreme Court cases declared, "heightened reliability is essential to the process of imposing a death sentence." *United States v. Fell*, 360 F.3d 135, 143 (2d Cir. 2004).  The prosecution has already been found to have violated a court order and admitted it failed to turn over materials related to Dr. Welner's work on the case.  Given the known misconduct and the substantiated allegations of *Brady* and *Napue* violations by the Government, the requirement of "heightened reliability" cannot be met at any retrial with these allegations unresolved. The specter of the Government's misconduct in the first trial is going to haunt the second trial unless the claims are fully developed, heard and appropriate remedies imposed in the context of the § 2255 petition.

    2.   FELL IS NOT SEEKING TO PURSUE A "NOVEL THEORY" OF MISCONDUCT

Despite this lucid history, the Government maintains that Fell is pursuing a "Novel Theory of Misconduct."  The concept that prosecutorial misconduct can be the basis for *habeas* relief is not novel, s*ee, e.g., Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Kyles v. Whitley*, 514 U.S. 419, 453-454 (1995), nor is it new to this case. The Government's position that Fell's motion "implies the existence of some rule under which he could smuggle a new legal theory into a completed § 2255 action" is simply inaccurate.  Fell's claims of prosecutorial misconduct have been found to be supported by sufficient evidence to proceed to discovery, and he seeking to have them resolved by the Court.

The equitable relief potentially available to Fell, dismissal of the indictment or of the notice of intent to seek the death penalty as a result of the alleged serious, repeated prosecutorial misconduct, is not novel.  For example, in the Second Circuit double jeopardy can bar a subsequent prosecution where certain prosecutorial misconduct is proven. *United States v. Wallach*, 979 F.2d 912, 915-17 (2d Cir. 1992), *cert. denied*, 508 U.S. 939 (1993).  In *United*

*States v. Pavloyianis*, 996 F.2d 1467, 1475 (2d Cir. 1993), the circuit court broadened the holding of *Oregon v. Kennedy*, 456 U.S. 667 (1982) and developed a rule for analyzing situations where prosecutorial misconduct not involving a mistrial is alleged. The case sets forth a two-step process.  The court "must examine the objective facts and determine: 1) if any misconduct was in fact present, 2) if there were acts of misconduct, whether the misconduct was deliberate and committed with the anticipation that an acquittal was likely." *United States v. Gambino*, 838 F.Supp. 744, 746 (S.D.N.Y. 1993).  Double jeopardy will bar a retrial if these requisite findings are made.

It is well recognized that double jeopardy attaches to federal capital sentencing procedures.  *See, e.g., Bullington v. Missouri*, 451 U.S. 430, 446 (1981).  The logical synthesis of the law in the Second Circuit is: where prosecutorial misconduct was deliberate and committed in the sentencing phase of a capital case with the anticipation that a sentence of less than death was likely, Double Jeopardy bars a second capital sentencing.  Fell is not advocating a novel theory of relief, but an application of existing law to his situation.

Fell's position is that he is potentially entitled to further relief based upon other constitutional provisions, not just the Double Jeopardy clause. Fell maintains, as set forth in his motion, that in a capital case the Due Process clause of the Fifth Amendment, the Sixth Amendment and the Cruel and Unusual Punishment clause of the Eighth Amendment bar a retrial, where the cumulative effect of repeated, egregious prosecutorial misconduct undertaken to prejudice a defendant in a capital trial, deprived him of a fair trial.  *See Beck v. Alabama*, 447 U.S. 625, 637 (1980)(procedural protection not required by due process in a non-capital case was constitutionally required in a capital case because "[d]eath is a different kind of punishment from any other which may be imposed in this country.").  *See also Harmelin v. Michigan*, 501 U.S.

957, 994 (1991) (because "death is different" the Supreme Court in capital cases has "imposed protections that the Constitution nowhere else provides."). *See also United States v. Stein,* 541F.3d 130, 144 (2d Cir. 2008) (holding dismissal of an indictment is an appropriate remedy where necessary to restore the defendant to the circumstances that would have existed had there been no constitutional error). Fell's position on available potential relief is not novel.

Fell's argument that the Court's equitable jurisdiction continues is not novel. In *Andrews v. United States,* 373 U.S. 334, 339-340 (1963) the Supreme Court, noting that what was asked for and granted was a resentencing, concluded there could be no final disposition of the §2255 order until the petitioner was resentenced. The Second Circuit, discussing *Andrews* found, "[t]he Supreme Court, however, has held that finality in a habeas proceeding requires that the judgment to be appealable should be final not only as to all the parties, but as to the whole subject-matter and as to all causes of action involved." *United States v. Gordon*, 156 F.3d 376, 378-79 (2d Cir.1998) (per curiam)(quoting *Collins v. Miller*, 252 U.S. 364, 370 (1920)).[3] *Gordon* and *Andrews* stand for the proposition that all viable claims must be adjudicated before there can be a final disposition of a § 2255 proceeding.

In this case, the Court expressly limited its order granting a new trial to a ruling on the juror misconduct claim and stated that other claims remained pending. The judge's order was in accordance with the law as is Fell's request to proceed. Continuing with the habeas litigation is a necessity. The claims of prosecutorial misconduct and its possible prejudicial effect will not disappear. They will continue to infect the second trial until resolved and remedied.

---

3 The First Circuit has stated, "The beacon by which we must steer is the Supreme Court's decision in *Andrews v. United States,* 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963)." *Sampson v. United States,* 724 F.3d 150, 157 (1st Cir. 2013).

The Government relies on *Teague v. Lane*, 489 U.S. 288, 310 (1989) to support its arguments. Teague, a black man, unsuccessfully challenged the racial composition of his jury. While Teague's *Habeas* petition was pending, but 2 ½ years after his conviction was final, the Court decided *Batson v. Kentucky,* 476 U.S. 79 (1986), which changed the law regarding the evidentiary showing necessary to make out a prima facie case of racial discrimination under the Equal Protection Clause. The Court held that the rule announced in *Batson* would not be applied retroactively in collateral review of convictions. Clarifying its position on retroactivity and *habeas* review the Court stated, "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane* 489 U.S.at 310.  The Court's subsequent decision in *Bousley v. United States*, 523 U.S. 614 (1998), emphasized the limited application of *Teague*.  The Court said,

> "The only constitutional claim made here is that petitioner's guilty plea was not knowing and intelligent. There is surely nothing new about this principle, enumerated as long ago as *Smith v. O'Grady, supra*. And because *Teague* by its terms applies only to procedural rules, we think it is inapplicable to the situation in which this Court decides the meaning of a criminal statute enacted by Congress."

*United States v. Bousley*, 523 U.S. at 620. *Bousley* unambiguously limits the rule of *Teague* to the retroactive application of procedural rules.  Fell's constitutional claim is that prosecutorial misconduct violated his rights under the Fifth, Sixth and Eighth Amendments and deprived him of a fair trial. There is no new procedural rule that Fell is attempting to use to his advantage. Thus, retroactivity is not an issue and *Teague* does not apply. The Government's reliance on *Teague* is misplaced.

    3.  FELL'S § 2255 PETITION IS NOT COMPLETELY DECIDED AND THE COURT RETAINS JURISDICTION TO DECIDE REMAINING CLAIMS

The Government also maintains that Mr. Fell is no longer in custody and that there is no longer a conviction or sentence so, he cannot meet the jurisdictional prerequisites for a § 2255 action.  It is beyond dispute that Fell was in custody when his petition was filed and it is beyond dispute that claims of prosecutorial misconduct were raised in that petition and not decided.  It is also beyond dispute that Fell remains in custody because of this indictment and the petition remains pending.  The Government's position that because Fell prevailed on certain the claims raised in a petition, there is no jurisdiction for the Court to decide other claims, is contrary to logic and law.

The law only requires that a petitioner be in custody at the time of filing.  *See, e.g., Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994).  The Supreme Court has spoken clearly on this point: "We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989).  Once the petition is filed, the claims must be heard, decided and a remedy instituted.  *Bracey v. Gramley,* 530 U.S. 899, 908-909 (1997).

The Government's argument, if accepted, would mean that petitioners seeking complete dismissal of charges or other equitable relief such as the dismissal of Notice of Intent to Seek the Death Penalty or the suppression of certain evidence from a retrial, could always be thwarted by a court's decision to do just what happened here: try issues independently, award relief in the form of a new trial and never decide the claims that could have led to further relief.  The Court is mandated to decide all claims sufficiently supported in a § 2255 petition and apply appropriate remedies.  *Andrews v. United States*, 373 U.S. 334, 339-340 (1963).  It cannot divest itself of that responsibility by ordering incomplete relief and then claim lack of jurisdiction to decide the remaining claims.

The Government relies on the decision in *United States v. Gordon*, 156 F.3d 376, 378-79 (2d Cir. 1998), for the proposition that a new trial order is a final appealable order and therefore, Fell's § 2255 petition is otherwise moot. In *Gordon*, the Second Circuit found that an order for a new trial may be appealed even though the district court continues to have equitable jurisdiction over a *habeas* petition until the new trial or sentencing is completed. *Gordon* must be read in concert with *Andrews* which holds that a *habeas* proceeding is not complete until the all subject matter and all causes of action are finally decided and any appropriate remedies effected. *Andrews v. United States*, 373 U.S. 334 (1963). *Gordon*, accordingly, applies when a there is a new trial order and all claims raised in the petition have been resolved. It does not change the rule that all causes of action must ultimately be resolved.

In *Gordon* and in *Sampson,* the cases cited by the Government in support of its position, there was no argument that there were unresolved claims remaining in the petition. The only issue was whether an appeal could be taken in light of the district court's continuing jurisdiction over the petition. What made the orders in these cases final and appealable was not so much the character of the order, as it was the fact that all subject matter and all causes of action were finally decided.   In this case the whole subject-matter and all causes of action involved have not been decided.  An order for a new trial based upon juror misconduct claims does not moot the remaining claims or prosecutorial misconduct.

The Government also asserts that the order vacating Fell's conviction and sentence was final and appealable because it filed a notice of appeal from the ruling. The flaw in this reasoning is obvious: no court has agreed that appeal was authorized; and, even if an appeal it was lawful, it does not mean that the remaining claims in the petition can be ignored.  As a district court's characterization of its own action cannot control the question of whether it amounts to an

appealable order, certainly a prosecutor's action in filing a notice of appeal has no bearing on whether an order is appealable. *See United States v. Scott*, 437 U.S. 82, 96 (1978).

### 4. FELL IS NOT RAISING A NEW CLAIM NOR IS HIS CLAIM MOOT

The Government's Response repetitively maintains that Fell is attempting to pursue a claim that he did not present in his § 2255 petition. This assertion, no matter how strenuously advanced, is incorrect. The government's various theories as to why Fell cannot bring a new claim are all flawed because Fell is not raising a new claim. Fell has always claimed that prosecutorial misconduct infected his trial and sentencing and violated his rights under the Fifth, Sixth and Eighth Amendments. He has always requested that he be granted all relief which is just. Fell is not seeking to bring a new claim. He is pointing out that there is potential equitable relief available to him, beyond that which he has already been afforded, based upon his claims of prosecutorial misconduct. Therefore, discovery which has been ordered must proceed, those claims must be heard and decided, and appropriate remedies effected.

The remedy for a constitutional violation cannot be determined until the scope of the deprivation of rights is determined. Cases involving constitutional deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation. *United States v. Morrision*, 440 U.S. 361, 365 (1981). "The remedy in the criminal proceeding is limited to denying the prosecution the fruits of its transgression." *Id.* at 366. The goal is always to restore the defendant to the circumstances that would have existed had there been no constitutional error. *United States v. Stein*, 541F.3d 130, 144 (2d Cir. 2008). The Supreme Court has recognized that the scope of relief necessary in any particular case cannot be predicted before the case is heard. "To accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the

circumstances of each case. It would be unwise at this juncture to attempt to forecast our decision in such cases." *United States. v. Marion*, 404 U.S. 307, 325 (1971).

As discovery is not complete and the claims have not been heard, the scope of the injury cannot be fully assessed in this case.  The relevant inquiry therefore, is whether there is further relief potentially available to remedy the violations alleged.  The answer to that question is in the affirmative.   Accordingly, Fell's remaining claims are not moot.

5. CONCLUSION

Fell is requesting is that his remaining claims of prosecutorial misconduct be heard so that an adequate remedy tailored to the injury can be realized.  Fell has always sought all just equitable relief that he is entitled to under the law. His claims and his request for relief are neither, novel, new nor moot.

The Court must proceed to allow discovery, hold a hearing and impose a remedy that is tailored to the violation.  *Bracy v. Gramley*, 530 U.S. 899, 908-909 (1997).   Like all others sentenced to death, Fell is entitled to this Court's "painstaking review of  [his] conviction[] and death sentence[] because, as the Supreme Court has often recognized, death is different." *Bracy v. Schomig* 286 F.3d 406, 412 (7th Cir. 2002).   Dismissal of the remaining claims in his § 2255 petition would violate the letter and the spirit of the law.

Dated at Corinth, Vermont, this 19th day of June, 2015.

Respectfully Submitted,

MICHAEL N. BURT
KERRY B. DeWOLFE
JOHN T. PHILIPSBORN


By:   /s/ Kerry B. DeWolfe
Kerry B. DeWolfe
Law Office of Kerry B. DeWolfe
78 Kallberg Drive
Corinth, VT 05039
(802) 461-5195 phone

kdewolfe@sover.net
Counsel for DONALD FELL

CERTIFICATE OF SERVICE

I hereby certify that on June 19th, 2015, I electronically filed with the Clerk of Court the following document(s):   FELL'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION FOR THE COURT TO COMPLETE THE § 2255 LITIGATION using the CM/ECF system.

CM/ECF system will provide service of such filing(s) via   Notice of Electronic Filing (NEF) to the following NEF parties:

>   Michael N. Burt, Esq.
>   Kerry B. DeWolfe, Esq.
>   Julie B. Mosley, Esq., Justice Department
>   William B. Darrow, Esq., Assistant United States Attorney
>
>   I also caused to be served, by U.S. Postal Service, the following non-NEF party:
>   Donald Fell
>   Register Number 05306-010
>   The Metropolitan Detention Center
>   P.O. Box 329002
>   Brooklyn, NY 11232
>
>   Dated at Corinth, Vermont, this 19th day of  June, 2015.

>   /s/ Kerry B. DeWolfe
>   Kerry B. DeWolfe
>   Law Office of Kerry B. DeWolfe
>   78 Kallberg Drive
>   Corinth, VT 05039
>   (802) 461-5195 phone
>   kdewolfe@sover.net
>   Counsel for DONALD FELL