UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff<br><br>          v.<br><br>**DONALD FELL,**<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Crim. No. 5:01-CR-12 (GWC) |

**AMENDED NOTICE OF INTENT TO SEEK PENALTY OF DEATH
PURSUANT TO TITLE 18 UNITED STATES CODE SECTION 3593**

   The United States of America ("United States" or "Government"), by and through undersigned counsel, hereby notifies this Court and defendant Donald Fell ("Mr. Fell")[1] that the Government believes the circumstances of the offenses charged in Count 1 and Count 2 of the Superseding Indictment herein, related to the death of Teresca King, are such that, in the event Mr. Fell is convicted of either or both of these charges, a sentence of death is justified, and the Government will seek sentences of death for the offenses of carjacking resulting in death (18 U.S.C. § 2119(3) & 2), and kidnapping resulting in death (18 U.S.C. § 2101(a)(1) & 2), stemming from the murder of Teresca King.

---

[1]   This Amended Notice is provided in compliance with the Court's Pre-trial Scheduling Order [DE #584] dated July 13, 2015.

## AS TO BOTH COUNT 1 and COUNT 2

**(A)** **The Government will prove the following intent factors in justifying a sentence of death.**

The defendant, Donald Fell:

1. Intentionally killed Teresca King. Title 18, United States Code, Section 3591(a)(2)(A);

2. Intentionally inflicted serious bodily injury which resulted in the death of Teresca King. Title 18, United States Code, Section 3591(a)(2)(B);

3. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Teresca King died as a direct result of the act. Title 18, United States Code, Section 3591(a)(2)(C);

4. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Teresca King died as a direct result of the act. Title 18, United States Code, Section 3591(a)(2)(D).

**(B)** **The Government will prove the following statutory aggravating factors in justifying a sentence of death.**

5. The death, or injury resulting in death, of Teresca King occurred during the commission of, or during the immediate flight from the commission of, a kidnapping. Title 18, United States Code, Sections 3592(c)(1), 1201;

6. The defendant, Donald Fell, committed the offenses in an especially heinous, cruel, and depraved manner in that it involved torture and serious abuse of the victim.   Title 18, United States Code, Section 3592(c)(6); and

7. The defendant, Donald Fell, intentionally killed or attempted to kill more than one person in a single criminal episode.   Title 18, United States Code, Section 3592(c)(16);

**(C)** **Pursuant to Title 18, United States Code, Section 3593(a), the government will prove the following non-statutory aggravating factors in justifying a sentence of death.**

The defendant, Donald Fell:

8. Murdered, or participated in the murder of, Debra Fell;

9. Murdered, or participated in the murder of, Charles Conway;

10. Murdered, or participated in the murder of, Debra Fell, in an especially heinous, cruel, and depraved manner in that it involved torture and serious abuse of the victim;

11. Murdered, or participated in the murder of, Charles Conway, in an especially heinous, cruel, and depraved manner in that it involved torture and serious abuse of the victim;

12. Murdered, or participated in the murder of, Debra Fell, to obstruct, delay and prevent the communication of information relating to a violation of a criminal statute and with the intent to prevent the attendance and testimony of Debra Fell in an official proceeding and to prevent Debra Fell from communicating to a law enforcement officer or judge information relating to the commission or possible commission of a criminal offense;

13. Murdered, or participated in the murder of, Charles Conway to obstruct, delay and prevent the communication of information relating to a violation of a criminal statute and with the intent to prevent the attendance and testimony of Charles Conway in an official proceeding and to prevent Charles Conway from communicating to a law enforcement officer or judge information relating to the commission or possible commission of a criminal offense;

14. Murdered, or participated in the murder of, Teresca King to obstruct, delay and prevent the communication of information relating to a violation of a criminal statute and with the intent to prevent the attendance and testimony of Teresca King in an official proceeding and to prevent Teresca King from communicating to a law enforcement officer or judge information relating to the commission or possible commission of a criminal offense;

15. In the course of the abduction and murder of Teresca Fell, or in the flight from the commission thereof, did take, steal, carry away, and use money and items of value belonging to the victim;

16. Abducted and murdered, or participated in the abduction and murder of, Teresca King who was particularly vulnerable due to her age, diminutive size, relative lack of strength, and her gender;

17. Moved or traveled in interstate commerce with the intent to avoid prosecution and custody under the laws of the place(s) from which he fled, for one or more

crime(s), and attempt(s) to commit one or more crimes, under the laws of the place from which he fled, to wit, Pennsylvania, Vermont, and New York;

18. Is a continuing danger to the lives and safety of other persons and defendant Donald Fell is likely to commit criminal acts of violence in the future as evidenced by, at least:

    a) A low potential for rehabilitation as demonstrated by repeated violent criminal acts both outside of, and inside of, institutional and correctional settings;

    b) A willingness to take human life and attempt to take human life and engage in violent acts and threatening conduct and a lack of remorse for his acts of violence and attempted acts of violence as demonstrated by statements that he made, and affirmative actions he took and did, following his commission, or his participation in the commission, of such acts and conduct; and

    c) His embrace of, and adherence to, beliefs and ends culture that promote and glorify violence, torture, and murder; and

19. Caused injury, harm, and loss to the victim and the victim's family and friends, as evidenced by the victim's personal characteristics and by the impact of his death upon the victim's family and friends.  *See Payne v. Tennessee*, 501 U.S. 808 (1991).

## CONCLUSION

Based upon the information that is currently available regarding the defendant's criminal behavior, the Government believes that the above-listed intent and aggravating factors apply to defendant Donald Fell's offenses.   However, in the event additional information should become available that is applicable to these factors or should additional information become available that supports additional factors, the Government reserves the right to seek to amend this Notice at a reasonable time prior to trial.

Respectfully submitted,

ERIC S. MILLER
United State Attorney

*William B. Darrow*
_____
WILLIAM B. DARROW
Assistant United States Attorney
P.O. Box 570
Burlington, VT   05402-0570
(802) 951-6725
Bill.Darrow@usdoj.gov

*Bruce R. Hegyi*
_____
BRUCE R. HEGYI
Trial Attorney
United States Department of Justice
Capital Case Section
1331 F Street, N.W., 6th Floor
Washington, D.C.   20530
(703) 536-4774
Bruce.Hegyi@usdoj.gov

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was automatically served on all counsel of record for the defendant as a result of my having filed this document using the ECF system on this 8th day of September, 2015, such counsel of record being:

      John T. Philipsborn, Esquire
      Michael N. Burt, Esquire
      Kerry B. DeWolfe, Esquire

*Bruce R. Hegyi*

_____
BRUCE R. HEGYI
Trial Attorney