U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 DEC -9 PM 3: 11

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 5:01-cr-12-01 |
| ) | |
| DONALD FELL ) | |

### DECISION AND ORDER ON MOTION FOR ORDER REQUIRING THE GOVERNMENT TO TIMELY COMPLY WITH F.R.C.P. 12(b)(4)(B) AND RULE 16
(Doc. 628)

Defendant has filed a Motion pursuant to Fed. R. Crim. P. 12(b)(4)(B) seeking "notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." (Doc. 628-1 at 1.) The Motion sets forth 16 topics or areas of potential information or evidence. The defense presses the Government for notice of its intent to introduce evidence with respect to each area.

In response, the Government makes two arguments. The first is that over the course of 15 years of litigation, including a previous trial and a lengthy habeas proceeding, the defense has received access to a mountain of information about the Government's case. Since preparations for the pending retrial commenced in early 2015, the Government has supplemented this information on a continuing basis. The second argument is that it would be unfair to limit the Government's proof at trial almost a year before the scheduled trial date.

### I.   Scope of Rule 12(b)(4)(B)

Federal Rule of Criminal Procedure 12(b)(4)(B) provides:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C) request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Two features of the rule are relevant to the pending dispute. First, the rule brooks no delay. As the reference to arraignment makes clear, the rule requires notice of the Government's intent at the earliest opportunity. But, second, the rule is limited in scope to disclosures which are mandatory under Fed. R. Crim. P. 16 and which are likely to give rise to a suppression motion.

The rule addresses a specific problem which is the delay and disruption caused by suppression issues which come up at trial.

As reference to the rule makes clear, the Government's argument that it does not wish to be limited in its proof does not excuse compliance. Rule 12(b)(4)(B) requires early disclosure of the Government's intentions—potentially limiting the Government's case—in order to avoid late filing of suppression motions. Similarly, reference to the rule makes it clear that it is the Government's intent to introduce evidence which must be disclosed. The rule does not require discovery or production. It anticipates notice of evidence which the Government actually plans to use at trial.

The rule extends only to evidence subject to disclosure under Rule 16. It therefore covers: (a) oral statements by the defendant to law enforcement; (b) other written or recorded statements by the defendant which are within the Government's possession or the prosecutor knows about; (c) written records of interrogation by law enforcement; (d) the prior criminal record of the defendant; (e) photographs, objects, books, papers and similar sources of information material to the defense or intended for use in the Government's case or taken or owned by the defendant; (f) reports of testing; and (g) expert witness testimony. *See* Fed. R. Crim. P. 16(a)(1). In enforcing Rule 12, the court will order timely notice of intent to use any material which meets both criteria: (1) subject to disclosure under Rule 16, and (2) relevant to a potential suppression issue.

II.     **Specific Requests by the Defense**

   **1. Information obtained during detention, search or seizure**

Since "statements" are covered later in request number 7, the court interprets this request as a request arising under Rule 16(a)(1)(E) for physical evidence, photographs, or other evidence obtained through searches or detention. Any such material which the Government intends to use falls within the scope of Rule 12 and the Rule 16(a)(1)(E). The court will order disclosure of intent to use under Rule 12.

The court is aware of the scope of this case which includes multiple crime scenes and events which took place in Vermont, New York, Pennsylvania and Arkansas. The volume of photographs and tangible objects is considerable and disclosure under Rule 12 is effectively disclosure of the Government's exhibit list. But if the parties are going to have a meaningful and timely review of suppression issues, this process must start with a disclosure of evidence. The

court orders disclosure not later than May 1, 2016 with any motion to suppress filed not later than June 1, 2016.

### 2. Information obtained during the search of vehicles

Same ruling as 1.

### 3. Information obtained during the search of defendant's residence

Same ruling as 1.

### 4. Information obtained during the search of 135 Robbins St., Rutland, Vermont

There may be a standing problem for searches of places where defendant did not live or which he did not occupy, but the court is poorly placed to resolve questions of this nature in a vacuum. Same ruling as 1.

### 5. Information obtained during the search of defendant's person, personal property and clothing

Same ruling as 1.

### 6. Information obtained during searches of defendant's cell or detention facility

Same ruling as 1.

### 7. Statements by defendant "attributed to him" by law enforcement

The request is broader than Rule 16 which requires disclosure of written or recorded statements by the defendant or a written record of a statement made in response to interrogation. Rule 16 would not cover everything said by defendant to a prison guard over the course of 15 years of incarceration. But subject to the limitations of Rule 16, the court will order disclosure of the Government's intent to use admissions to law enforcement by March 15, 2016. Without a particular statement before it, the court cannot do more than refer both parties to Rule 16 and require compliance in the abstract. If there are statements which are covered by Rule 16, then disclosure of intent to use these must be provided not later than May 1, 2016.

### 8. Statements between defendant and third-parties such as friends and family members

Phone calls from jail are frequently recorded without a warrant on the basis of consent. See *United States v. Amen*, 831 F.2d 373, 379-80 (2d Cir. 1987). Such a recording would likely be a recorded statement by the defendant within the Government's control and therefore subject to discovery under Rule 16. Obtaining consent through notice of recording is a near universal

practice. But in the event that there is a dispute over the legal basis for recording a conversation, it is better to hear it before trial. Same ruling as 1.

### 9. Writings by the defendant

Same ruling as 8. A letter or other writing would be a written statement within the Government's possession. If there is an issue about how the statement came into the hands of the Government, this must be heard before trial.

### 10. Statements to counselors and other professionals

If these statements are now within the Government's control or possession they may be discoverable under Rule 16. But it is difficult to see how they would be subject to a motion to suppress. The request is denied.

### 11. Statements by defendant to third-parties turned over to Government investigators

Same ruling as 10. The request is denied.

### 12. Statements to cooperating individuals

Statements made to other inmates would be discoverable under Rule 16, but it is difficult to see how they would be subject to a motion to suppress. The request is denied.

### 13. Information obtained through mail cover

If this is going to be an issue, the court needs to know about it. Same ruling as 1.

### 14. Information from statements to third-parties, including Robert Lee

Same ruling as 10. Denied.

### 15. Medical, educational or other records relating to defendant or Robert Lee or their families

This material seems to comprise "papers, documents, and data" within the meaning of Rule 16(a)(1)(E). Same ruling as 1.

### 16. Name of person receiving a statement from Mr. Fell and time and place

This appears to be a request for a catalog of sources and documents which exceeds the scope of Rule 16. Request denied.

This order addresses only the Rule 12 motion. The pre-trial scheduling order does not provide a final deadline for Rule 16 disclosures. The court appreciates the efforts of both sides to provide

discovery in a cooperative basis as materials become available. At the next pre-trial conference, the parties and the court will discuss a deadline for Rule 16 discovery.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 9th day of December, 2015.

_____
Geoffrey W. Crawford, Judge
United States District Court