UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 FEB -9  PM 12: 42

CLERK

BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA    )
                                )
    v.                       )      Case No. 5:01-cr-12-01
                                )
DONALD FELL               )

## ENTRY ORDER

In preparation for the argument concerning Defendant's Motions challenging the constitutionality of the Federal Death Penalty Act "in and of itself" (Docs. 668, 669, 670, 673, and 674), the court has determined that an opportunity for presentation of evidence and judicial fact finding on the factual issues raised in different ways by both sides is necessary for several related reasons:

    a. Without evidence, the court has little basis on which to weigh and challenge the various studies which the parties have brought to its attention;

    b. The Government has not cross-examined the sources of social and statistical information cited by the defense nor offered its own empirical evidence in response; and

    c. The positions of both parties will be better developed through a detailed factual record. The development of such a record can occur only before a trial court.

Preliminarily, and with an open mind about the arguments recently made by both sides, the court is looking at the constitutional challenge to the death penalty in the following manner. The decision of the United States Supreme Court in *Furman v. Georgia*, 408 U.S. 238 (1972), identified systemic failures in the administration of the death penalty across the United States.

Four years later in *Gregg v. Georgia*, 428 U.S. 153 (1976), the Supreme Court announced procedural reforms and requirements calculated to remedy these violations. The Supreme Court's decision in *Gregg* did not overrule *Furman*. It strove to fix the problems which *Furman* had identified. Forty years later the question of a systemic violation of the Eighth Amendment remains. *See Glossip v. Gross*, 135 S. Ct. 2726, 2755 (2015) (Breyer, J., dissenting). As the parties' memoranda demonstrate, there is strong disagreement in this case and more generally in judicial and scholarly circles about whether the failures identified in *Furman* have been repaired by the reforms imposed by *Gregg*.

The court's consideration of these issues is likely to be enhanced by an evidentiary presentation regardless of the outcome and even if the court follows the Government in ruling that *Gregg* forecloses any further consideration of the issues. Since appellate review of a ruling in either direction will be critical for both sides, a full record may have value to the panel. At its heart, the court's purpose in scheduling a hearing is to develop the fullest possible expression of both sides' factual and empirical arguments.

The court requests that the parties appear on February 19, 2016, prepared to address the scope, length, and nature of an evidentiary hearing to be scheduled shortly after July 1, 2016.

Dated at Rutland, in the District of Vermont, this __9__ day of February, 2016.

Geoffrey W. Crawford, Judge
United States District Court

2