U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 AUG 20 PM 1:03

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:01-cr-12-01 |
| ) | |
| DONALD FELL ) | |

**DECISION ON MOTION OF THE UNITED STATES TO EXCLUDE DEFENSE MENTAL HEALTH EVIDENCE AT THE ELIGIBILITY PHASE OF ANY SENTENCING HEARING**
**(Doc. 1518)**

In March 2017, the court granted the government's motion to exclude testimony concerning Fell's mental state from the guilt/innocence phase of the case. (Doc. 1281.) The defense had proffered psychologist John Shields who testified that Fell's mental state at the time of the alleged carjacking and kidnapping offenses in Rutland was sufficiently impaired that he could not form the requisite intent to commit either capital offense. The court excluded the testimony under Fed. R. Evid. 403 because "[t]he likelihood that a jury will confuse the issue of why the defendant was unable to stop himself from acting (impermissible) from his intent at the time of the offense (allowed) is very high." (*Id.* at 13.)

The government has now filed a motion to exclude mental state testimony from the eligibility phase of a potential penalty trial. (Doc. 1518.) The defense has filed an opposition (Doc. 1592-1), and the government has filed a reply (Doc. 1611).

To prevail on the issue of eligibility in this case, the prosecution must persuade the jury beyond a reasonable doubt that at least one of four factors are present:

- intentional killing of the victim;

- intentional infliction of serious bodily injury that resulted in the death of the victim;

- intentional participation in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act; or
- intentional and specific engagement in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.

28 U.S.C. § 3591(a)(2).

The government has pled all four factors. (*See* Doc. 1223 at 1.) In its motion, citing *Ring v. Arizona*, 536 U.S. 584 (2002), the government argues that these factors are the functional equivalent of elements of the offense. (Doc. 1518 at 3.) Thus, according to the government, mental health evidence offered to rebut eligibility factors should be analyzed as if offered to rebut guilt/innocence phase elements. (*Id.*) As noted above, the court has excluded Dr. Shields's testimony concerning Fell's mental state from the guilt/innocence phase. The government asserts that the court should apply 18 U.S.C. § 3593(c) to reach the same result as to eligibility phase mental health evidence.

The defense objects on multiple grounds. (*See* Doc. 1592-1.)

From the court's perspective, the reference to *Ring* is unhelpful. The eligibility factors function as the equivalent of elements of the offense in the sense that they require the jury to make specific findings about the defendant's conduct and mental state. They also function as the equivalent of elements of the offense for purposes of *Apprendi v. New Jersey*, 530 U.S. 466

(2000), and the right to a jury determination. But they are not *the same* as the elements of the offense.

The mental states for the offenses of carjacking and kidnapping concern a defendant's intent and state of mind at the time he seizes the vehicle or the victim. To this end, Dr. Shields advanced his theory of a dissociative state, made worse by drug use and brain damage, which impaired Fell's ability to form a plan to harm the victim when she was taken from the Price Chopper parking lot. The mental state required by the eligibility factors is that Fell intentionally killed the victim—hours later—or in other ways intentionally participated in conduct resulting in her death. That is a different mental state from *mens rea* at the time of the charged offenses.

Whether Dr. Shields—or someone else—has an opinion about this separate and later-in-time mental state has not been disclosed and will not be disclosed unless and until there is a penalty trial and the defense confirms its intent to offer mental state testimony in the eligibility phase. At a minimum, the motion is premature.

There is a second reason to deny the motion. The primary reason that the court granted the motion to exclude mental health evidence from the guilt/innocence phase is that the Insanity Defense Reform Act of 1984 (IDRA) excludes almost all evidence of impaired decision-making, short of insanity itself, from federal trials. 18 U.S.C. § 17. Like the earth's shadow falling across the new moon, IDRA leaves only a small sliver of potential admissible evidence of inability of a defendant to form criminal intent. The court excluded Dr. Shields' testimony on intent because it was virtually indistinguishable from inadmissible testimony about impaired judgment.

But 18 U.S.C. § 17 has no application to sentencing hearings, including those conducted pursuant to the FDPA. Although § 17 states that mental disease or defect short of insanity does

not constitute a defense, trial courts retain discretion "to grant a downward departure on the ground of diminished capacity." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005). Other cases are in accord. *See United States v Cox*, No. 17-4090, 2018 WL 2175804, at *4 (4th Cir. May 11, 2018) ("Cox's competence to stand trial and criminal responsibility for his actions are different questions, subject to different legal standards, than whether his mental illness is a mitigating factor warranting less time in prison." (citing 18 U.S.C. § 17)); *United States v. Cockett*, 330 F.3d 706, 713 (6th Cir. 2003) ("[W]hile it is necessary for an acquittal that a defendant prove at trial that but for his mental health problems, he would not have committed the offense, *see* 18 U.S.C. § 17, such a direct link is not necessary for purposes of finding that a defendant's mental health condition warrants a downward departure at sentencing . . . ."). The test for admissibility at sentencing is reliability. The court cannot rule out the possibility now that the defense will disclose an opinion later on the defendant's intention at the time of the fatal assault on Ms. King.

## CONCLUSION

The government's Motion to Exclude Defense Mental Health Evidence at the Eligibility Phase (Doc. 1518) is DENIED without prejudice to the right of the government to renew it prior to the commencement of the eligibility stage of a potential penalty phase.

Dated at Rutland, in the District of Vermont, this 20 day of August, 2018.

Geoffrey W. Crawford, Chief Judge
United States District Court

4