U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 SEP -6 PM 2: 34

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:01-cr-12-01 |
| ) | |
| DONALD FELL ) | |

**DECISION ON DEFENDANT'S MOTION TO STRIKE THE NON-STATOTORY AGGRAVATING FACTORS LISTED IN THE OPERATIVE SECOND AMENDED NOTICE OF INTENT TO SEEK THE DEATH PENALTY IN LIGHT OF *HURST V. FLORIDA* AND THIS COURT'S PRIOR RULINGS; AND TO RESERVE ALL OTHER OBJECTIONS THAT MAY ARISE OUT OF THE COURT OF APPEAL'S OPINION IN THE PERTINENT INTERLOCUTORY APPEAL**
**(Doc. 1524)**

Building on this court's conclusion that the Sixth Amendment's Confrontation Clause applies to the entirety of the penalty phase (*see* Docs. 1303, 1331), the defense argues that the Fifth Amendment right to indictment by a grand jury applies for similar reasons. (Doc. 1524.) The government opposes the motion (Doc. 1589), and the defense has filed a reply (Doc. 1637).

The court recognizes that the future of its Sixth Amendment analysis is uncertain.[1] But it is clear that the Second Circuit in this case has already ruled that the Fifth Amendment Indictment Clause does not apply to the non-statutory aggravating factors which the prosecution has identified in three notices of intent to pursue the death penalty (Docs. 32, 609, and 1223). On direct appeal from the first trial, the defense argued that the failure to submit the non-statutory aggravators to the grand jury violated Fell's Fifth Amendment rights. The panel rejected this argument:

---

[1] The Second Circuit did not address this court's Sixth Amendment rationale for excluding Robert Lee's statements. *See United States v. Fell*, No. 17-1991-cr, 2018 WL 3613010 (2d Cir. July 20, 2018) (summary order) (affirming exclusion of the statements on a different basis).

> Here . . . the jury, not a judge, found both the statutory and the non-statutory aggravating factors beyond a reasonable doubt. Regardless, the FDPA requires only that the jury sentencing Fell find mental culpability and at least one statutory aggravator, both charged in the superseding indictment, before finding him "eligible" for the death penalty. Whether or not Fell *should* be sentenced to death was a calculation made by the jury based on a variety of statutory and non-statutory considerations. Accordingly, the factors that Fell's jury assessed when determining the permissibility of the death penalty in his case did not change the maximum sentence authorized under the statute. We find that the government's failure to include the non-statutory aggravating factors in the indictment did not violate the Fifth Amendment.

*United States v. Fell*, 531 F.3d 197, 238 (2d Cir. 2008) (emphasis in original; citation omitted) ("*Fell II*").

The ruling in *Fell II* is a sufficient and binding decision on this issue. This court's Sixth Amendment ruling concerned the manner of proof of non-statutory aggravators. The court relied upon the holding in *Hurst v. Florida*, 136 S. Ct. 616 (2016), that the Sixth Amendment requires that a jury, not a judge, be the exclusive fact-finder in the penalty phase to include the Sixth Amendment Confrontation Clause protection. The court ruled that if the right to jury trial applied, it was a reasonable extension of the same principle to apply the Confrontation Clause as well. A plausible response is that any extension of the jury trial guarantee through *Apprendi* principles is limited to elements and enhancements of an offense imposed by statute and that these principles do not apply to factors which the prosecution is not required to prove in order to obtain a more severe penalty. In light of the unequivocal ruling in *Fell II* that the Fifth Amendment right to indictment does not apply to the non-statutory aggravators, the court will not extend the *Hurst* holding even further.

## **Conclusion**

The motion to strike non-statutory aggravating factors (Doc. 1524) is DENIED.

Dated at Rutland, in the District of Vermont, this ___ day of September, 2018.

                                                    Geoffrey W. Crawford, Chief Judge
                                                    United States District Court